

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**BRYCE FRANK ABEL O/B/O MAUDE M. PUISSEGUR**

**VERSUS**

**OCHSNER CLINIC FOUNDATION**

SECTION: "   "

MAGISTRATE:

# 06-8517

# SECT. K MAG. 3

## CIVIL COMPLAINT

The complaint of Bryce Frank Abel agent by virtue of a power of attorney for and on behalf of Maude Puissegur persons of the full age of majority and residents of the State of Georgia, with respect represents:

I.

This action is being brought under diversity jurisdiction pursuant to Title 28 USC § 1332.

II.

That made defendant, Ochsner Clinic Foundation a corporation authorized to do and doing business in and having a principal place of business in the Parish of Jefferson, State of Louisiana is liable unto your complainant in the true and full sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS together with legal interest and costs from the date of the

1

Fee _____3 50._____

✓ Process_____

X Dktd _____

___ CtRmDep_____

___ Doc. No_____

medical review panel until paid for the following reasons, to wit:

III.

Mrs. Maude Puissegur was 85 years old at the time of the incident. Mrs. Puissegur was admitted on November 20, 2004 to Ochsner-Elmwood Campus in order to receive in-patient treatment for severe depression. This was expected to include ECT treatments. Mrs. Puissegur or her daughter reported to the staff at Ochsner-Elmwood that, two months prior to admission Mrs. Puissegur had experienced a broken foot. She was housebound and had difficulty performing simple ADL's. She was occasionally confused, had a decreased attention span, and as a safety precaution, she was supervised by a sitter at her own apartment during the day and by her daughter and/or son-in-law at night. Mrs. Puissegur occasionally heard voices, had thoughts that she was a devil and she was evil and believed was going to hell for her past sins. She had been under the care of psychiatrist, Dr. John Bick III, for many years for a long chronic history of depression.

IV.

Mrs. Puissegur had an intense fear of falling and she ambulated with a walker at home. Although she was oriented x3 at admission and on occasion thereafter, she had a poor attention span. She exhibited psychomotor agitation, and she had obsessions, compulsions and phobias. She was severely depressed.

V.

Mrs. Puissegur was not provided a walker during her stay at Ochsner-Elmwood despite the fact she used one at home, expressed a "fear of walking, as she thinks she is going to fall," and the physical therapist recommended that she have a walker. She was administered seven ECT treatments. After the ECT of 12/05/03, there was no evaluation of her cognitive status performed. Further, during the 3 to 11 P.M. shift on that date, she appeared confused. On the 11 P.M. to 7 A.M. shift, she was up wandering around. Later that same night, on 12/06/2003 at 4:30 A.M., she fell causing a fractured hip. Mrs. Puissegur subsequently underwent surgery to replace

2

the hip.  She had a lengthy hospitalization and rehabilitation.  She has suffered significant pain, suffering, and continues to suffer ongoing disability as a result of the fall and the fracture of her hip.

### VI.

The fall occurred solely due to the negligence of the nursing staff in failing to initiate and apply a care plan, monitor her status both medical and cognitive, and initiate and follow a fall precaution protocol and/or the correct fall protocol and precautions to prevent Mrs. Puissegur from falling and resulted in a fracture of her hip as required by the standards of nursing care and good hospital practice to provide for the safe care and treatment of all patients.

### VII.

That above describe acts were caused solely through the negligence of Ochsner Clinic Foundation and its employees which negligence is more particularly described as follows:

1) There is no evidence in the record that upon admission the registered nurse assessed the patient's intense fear of falling, thus she failed to do so.

2) There is no evidence in the record that upon admission the registered nurse incorporated the patient's grave disability as to function, cognitive and physical (walking problems) in her assessment and care plan, thus she failed to do so.

3) There is no evidence in the record that upon admission the registered nurse developed a plan of care for [1] her general medical conditions; [2] her depression and anxiety; [3] her physical problems with walking; [4] her fear of falling; [5] fact the she had previously fallen; [6] fact she had recently sustained a broken foot; [7] she had blood pressure fluctuations; and [8] she was treated with ECT on seven occasions without the potential complications related to ECT being addressed in a care plan, thus she failed to do so.

An absence of a developed nursing plan of care and multidisciplinary plan of care regarding Mrs. Puissegur's multiple problems that needed a care plan and especially her high risk

3

for falls fell below the standard of care, which states the nursing staff must develop and keep current, a nursing care plan for each patient.  The risk for a severe drop in blood pressure, and for confusion and/or lack of attention span, are identified as risk factors for ECT.  No provision for increased monitoring of vital signs or cognitive status was incorporated into a nursing plan of care.

4) The record evidences that Mrs. Puissegur's vital signs were ordered QID but taken sporadically.

5) Although fall precautions were ordered upon admission, as there is no fall prevention plan in the record, therefore, the nurse failed to write/perform/implement a fall protocol based upon pertinent patient assessment, reassessment, intervention and reevaluation of effectiveness of nursing interventions to prevent falls.

6) The is no evidence in the record of any round sheet or nursing notes to document the patient's safety, activity, ability to perform activities or to indicate what fall precautions were in place.

7) The record clearly shows that neither any fall precautions nor any standard safety measures for Mrs. Puissegur were ever implemented by any nurse or any other staff member.

8) There is no evidence in the record that the fall precaution order was initiated, was re-evaluated and/or re-ordered every 24 hours as required by the standards of care in an in-patient psychiatric facility.

9) There is no evidence in the record of any plan of care, assessment, reassessment, intervention of evaluation of the patient's ability to ambulate or her gait(other than that of the therapist who recommended a walker) ever being performed.

10) There is no evidence in the record of any assessment, plan of care, intervention and evaluation by any registered nursing staff of the patient's severe confusion, cognitive impairment, auditory hallucinations or the intense fear of falling, which increased this patient's risk for fall beyond that which is acceptable.

4

VIII.

As a result of the above negligence by Ochsner Clinic Foundation and its employees, Mrs. Puissegur suffered a fall that resulted in a fractured hip requiring surgery. Mrs. Puissegur also experienced unnecessary pain and suffering.

IX.

That a medical panel convened on July 25, 2006 and rendered the following decision: 1) There is nothing in the evidence to indicate that the patient was evaluated for fall risk on her admission to the hospital. 2) There is no evidence which shows the patient was reassessed for risk of falls when needed. 3) Not having a fall protocol, or following one, did not increase the patient's chance of falling in this case.

WHEREFORE, your petitioner prays that the defendant be duly cited and served with a copy of this complaint and after due proceedings had there be judgment herein in favor of Bryce Frank Abel o/b/o Maude Puissegur and against Ochsner Clinic Foundation finding it liable in a true and full sum in excess of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS together with legal interests and costs from the date of the medical review panel until paid.

Respectfully submitted,

CHRISTOPHER J. BRUNO (#18818)
**BRUNO & BRUNO**
855 Baronne Street
New Orleans, LA. 70113
Telephone : 504-525-1335

5