UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYCE FRANK ABEL O/B/O MAUDE M. PUISSEGUR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8517** |
| **OCHSNER CLINIC FOUNDATION** | **SECTION "K"(3)** |

## ORDER AND OPINION

Before the Court is the "Motion to Reopen Discovery" filed on behalf of plaintiff Maude Puissegur (Doc. 54). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

The Scheduling Order entered by the Court on April 25, 2008, set July 14, 2008, as the discovery deadline. Plaintiff now seeks to reopen discovery to depose Anne Troy, Leila Weaver, Judy Faucheaux, and Joanne Hebert concerning various policies and procedures of defendant Ochsner Clinic Foundation identified by defendant in its Supplemental Response to Plaintiff's Request for Production of Documents on August 15, 2008.

Months before that deadline, both plaintiff and defendant identified Anne Troy in their Rule 26(a)(1) Disclosures as a person likely to have "discoverable information." Defendant also identified Judy Faucheaux in its disclosures under Rule 26(a)(1) as a person likely to have "discoverable information" Despite those disclosures, plaintiff elected not to depose either Anne Troy or Judy Faucheaux prior to the discovery deadline. Had plaintiff timely deposed Ms. Troy and Ms. Faucheaux, they could have been questioned concerning the policies and procedures applicable at the time plaintiff fell. The Court declines to reopen discovery to permit these long identified individuals to be deposed at this late date.

As for Leila Weaver, the nurse who signed plaintiff's admission assessment, although it is true that defendant did not identify her in its initial Rule 26(a)(1) Disclosures, review of plaintiff's medical records would have timely revealed her identity.  Additionally, on August 7, 2008, prior to defendant's supplementation of its discovery, plaintiff served a trial subpoena on Ms. Weaver which indicates  that she was not unknown to plaintiff.  Plaintiff has not urged that she was unable to identify Ms. Weaver as a potential witness prior to the expiration of the discovery deadline, a mere three weeks before plaintiff served her with a trial subpoena.

Plaintiff also seeks to depose Joanne Hebert, who is identified in the attachment to defendant's supplemental discovery responses for the first time as the unit director of the psychiatric unit at the time plaintiff fell.  In the opposition to the motion to reopen, counsel for defendant advised the Court that "Joanne Hebert was not the unit director of the psyche unit when Ms. Puissegur fell."  Thus, there appears to be no basis for reopening discovery to permit plaintiff to depose Ms. Hebert.  Accordingly, the motion is **DENIED**.

New Orleans, Louisiana, this 9th day of October, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE