UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYCE FRANK ABEL O/B/O MAUDE M.　　　　　CIVIL ACTION
PUISSEGUR

VERSUS　　　　　　　　　　　　　　　　　　　NO: 06-8517

OCHSNER CLINIC FOUNDATION　　　　　　　　SECTION: R(3)


**<u>ORDER AND REASONS</u>**

Before the Court is defendant Ochsner Clinic Foundation's motion for leave of court to interview jurors[1]. For the following reasons, the Court DENIES Ochsner's motion.

I.　**BACKGROUND**

On December 6, 2003, plaintiff Maude M. Puissegur fell and fractured her hip. At the time, Puissegur was an in-patient at defendant Ochsner Clinic Foundation's Elmwood facility, where she was receiving electroconvulsive therapy for depression.

On October 18, 2006, Puissegur filed this suit against Ochsner.[2] Puissegur claimed that her fall resulted from the negligence of the Ochsner nursing staff.[3] Specifically, Puissegur alleged that the Ochsner nurses failed to initiate a

---

[1]　(R. Doc. 101.)

[2]　(R. Doc. 1.)

[3]　*Id.*

1

fall care protocol as directed by existing Ochsner policies and procedures.[4]

On March 1, 2010, this Court presided over a three-day jury trial.[5] Before the conclusion of the trial, the Court prepared a special verdict form for the jury to use in deliberations and to fill in once they reached their verdict.[6] After the foreman of the jury announced that there was a verdict, the Court had its deputy read the jury's verdict verbatim into the record. This included the jury's verdict as to each question on the special verdict form. The jury found that Ochsner failed to exercise reasonable care in the treatment of Puissegur, but that Ochsner's failure to do so did not cause Puissegur's injuries.[7] The deputy then asked the jury, "Ladies and gentlemen of the jury, is this your verdict?" The jury replied with "yes." The Court then polled the jury. Each juror stated in open court that he or she agreed with the verdict read by the Court's deputy. The Court then ordered that the verdict be made part of the record and excused the jury.[8]

---

[4] *Id.*

[5] (R. Doc. 91; 92; 93.)

[6] (R. Doc. 95.)

[7] *Id.*

[8] (R. Doc. 93.)

## II. LEGAL STANDARD

Defendant moves for leave under Local Rule 47.5E, "Interviewing Jurors," which states as follows:

> A. No juror has any obligation to speak to any person about any case and may refuse all interviews or comments;
> B. No person may make repeated requests for interviews or questions after a juror has expressed a desire not to be interviewed;
> C. Under no circumstances except by leave of court granted upon good cause shown shall any attorney or party to an action or anyone acting on their behalf examine or interview any juror. No juror who may consent to be interviewed shall disclose any information with respect to the following:
> 1. The specific vote of any juror other than the juror being interviewed;
> 2. The deliberation of the jury; or
> 3. For the purposes of obtaining evidence of improprieties in the jury's deliberations.[9]

A district court has discretion over a party's request for post-trial juror interviews, and the decision will not be disturbed absent abuse of that discretion.[10]

## III. DISCUSSION

Ochsner requests leave to interview Juror No. 7 and Juror No. 12 to determine both why they found Ochsner negligent and why they found that Ochsner's negligence did not cause Puissegur's injury.[11] Ochsner argues that information from these jurors will

---

[9] Eastern District of Louisiana, Local Rule 47.5E.

[10] *See United States v. Booker*, 334 F.3d 406, 416 (5th Cir. 2003).

[11] (R. Doc. 101.)

3

assist it in understanding the public's expectations for healthcare delivery involving patients at risk for falls.[12]

The Fifth Circuit addressed the issue of attorney interviews of jurors in the case of *Haeberle v. Texas International Airlines.*[13] In *Haeberle*, plaintiff's counsel requested to interview jurors in order to "learn 'some lesson'" about the basis for a verdict that was contrary to both parties' expectations.[14] The district court denied the request, even though it was not opposed.[15] The district court did so pursuant to a local rule that required "leave of Court granted upon good cause shown."[16] On appeal, the Fifth Circuit affirmed the district court's order, citing both federal courts general disfavor for post-verdict juror interviewing and jurors' interest in privacy and protection from harassment.[17] While the Fifth Circuit acknowledged that jurors' interest in privacy must yield at times to First Amendment considerations, such as a

---

[12] *Id.*

[13] 739 F.2d 1019 (5th Cir. 1984).

[14] *Id.* at 1020.

[15] *Id.*

[16] *Id.* at 1020-21.

[17] *Id.*

4

journalists' right to gather news[18], the Court did not find the edification of a party or attorney to carry comparable constitutional import.[19]

    This case is not distinguishable from *Haeberle*. Ochsner is a party in this case, and not a member of the press seeking to interview a juror for news gathering purposes. Ochsner's counsel requests leave for Ochsner's own edification.[20] And, as in *Haeberle*, a local rule exists that presumptively prohibits post-verdict juror interviews by attorneys or parties unless "good cause" is shown.[21] Thus, under *Haeberle*, Ochsner's interest in understanding "why" the jury pronounced the verdict that it did is outweighed by the "jurors' individual interest[s] in privacy and protection from harassment."[22] The Court therefore DENIES Ochsner's motion for leave.

---

[18] *See, e.g.*, *In re Express-News Corp.*, 695 F.2d 897 (5th Cir. 1982).

[19] *Haeberle*, 739 F.2d at 1021-22.

[20] (R. Doc. 101.)

[21] *See* Eastern District of Louisiana, Local Rule 47.5E.

[22] *See Haeberle*, 739 F.2d at 1021 (citing *United States v. Gurney,* 558 F.2d 1202, 1210 & n. 12 (5th Cir. 1977), *cert. denied sub nom. Miami Herald Publishing Co. v. Krentzman*, 435 U.S. 968 (1978). The Court further notes that in questioning Juror No. 7 or Juror No. 12 about the rationale prompting the jury's verdict, Ochsner would be indirectly soliciting disclosures about the conduct of other members of the jury without their consent.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Ochsner's motion to interview jurors.

It is so ordered.

New Orleans, Louisiana, this <u>15th</u> day of April, 2010.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE